Karthik Nadesan (10217)
karthik@nadesanbeck.com
NADESAN BECK P.C.
8 East Broadway, Suite 625
Salt Lake City, Utah 84111
Telephone: (801) 363-1140

Kent M. Walker (California Bar No. 173700, *pro hac vice motion to be filed*)
kwalker@lewiskohn.com
LEWIS KOHN & WALKER, L.L.P.
15030 Avenue of Science, Suite 201
San Diego, California 92128
Tel (858) 436-1330
Fax (858) 436-1349

*Attorneys for Plaintiffs, Loops, L.L.C. and Loops Flexbrush, L.L.C.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LOOPS, L.L.C., and LOOPS FLEXBRUSH, L.L.C.,<br><br>Plaintiffs,<br><br>v.<br><br>BOB BARKER COMPANY, INC., MAXILL INC., and DOES 1-10, inclusive,<br><br>Defendants. | **AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**<br><br>Case No. 1:17-cv-00123-PMW<br><br>Magistrate Judge Paul M. Warner |

Plaintiffs Loops, L.L.C. and Loops Flexbrush, L.L.C., through counsel, complain against Defendants Bob Barker Company, Inc., Maxill Inc., and Does 1-10, inclusive, as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiffs Loops, L.L.C. and Loops Flexbrush, L.L.C. (collectively, "Loops") are Delaware limited liability companies with their principal places of business in Whatcom County, Washington.

1

2. Upon information and belief, Defendant Bob Barker Company, Inc. ("BBC") is a North Carolina corporation with its principal place of business in Wake County, North Carolina, and an 83,000 square foot distribution and sales center located at 475 South Depot Dr., Ogden, Utah 84404.

3. Upon information and belief, Defendant Maxill Inc. ("Maxill") is Canadian corporation with its principal place of business in Ontario, Canada.

4. Loops is presently uninformed of the true names or capacities of the Defendants sued herein under the fictitious names Does 1-10, inclusive. Loops is informed and believes, and thereupon alleges, that these Doe Defendants engaged in, or are in some manner responsible for, the wrongful conduct and damages to Loops alleged herein. Loops therefore sues these Doe Defendants by such fictitious names and will amend or seek leave to amend this pleading to explain Doe Defendants' involvement in the wrongful conduct alleged herein and to substitute the true names and capacities of said Doe Defendants when they are ascertained.

5. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, and more particularly 35 U.S.C. §§ 271 and 281. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has general personal jurisdiction over BBC because BBC's maintenance of a distribution and sales center in Utah has resulted in affiliations with the State of Utah that are so continuous and systematic as to render BBC essentially at home in Utah.

7. More specifically, upon information and belief, BBC solicits business from its business and sales center in Utah; continuously maintains agents and employees in Utah; is registered to do business in Utah; and conducts a large volume of its overall business through its business and sales center in Utah.

8. In addition, this Court has specific personal jurisdiction over BBC because BBC's operation of the business and sales center in Utah has resulted in BBC transacting business in Utah and, upon information and belief, BBC has caused injury to Loops in Utah by engaging in the wrongful conduct alleged herein in Utah.

9. Upon information and belief, BBC has purposefully availed itself of the privilege of conducting business activities in this judicial district, including the wrongful conduct alleged herein, thereby invoking the benefits and protections of the laws of the State of Utah. Furthermore, upon information and belief, Loops' claim arises out of or results from BBC's conduct and activities in Utah.

10. Thus Court has specific personal jurisdiction over Maxill because, upon information and belief, Maxill has transacted business with Utah, including marketing Maxill's infringing products to BBC in Utah, soliciting sales of the infringing products to BBC in Utah, selling infringing products to Maxill in Utah, shipping infringing products to BBC in Utah, sending communications to BBC in Utah regarding the infringing products, and, upon information and belief, causing injury to Loops in Utah by engaging in the wrongful conduct alleged herein in Utah.

11. Upon information and belief, Maxill has purposefully availed itself of the privilege of conducting business activities in this judicial district, including the wrongful conduct alleged herein, thereby invoking the benefits and protections of the laws of the State of Utah. Furthermore, upon information and belief, Loops' claim arises out of or results from Maxill's conduct and activities in Utah.

12. Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because BBC has committed acts of infringement including, upon information and belief, engaging in the wrongful infringing conduct at its 83,000 square foot distribution and sales center in this district, and BBC has, in that distribution and sales center, a regular and established place of business in this district.

13. Venue is proper in this judicial district under 28 U.S.C. § 1391(c)(3) because Maxill is a Canadian corporation and, upon information and belief, has no principal place of business anywhere in the United States.

## GENERAL ALLEGATIONS

14. Loops invents and sells personal care products designed for distribution in correctional and mental health facilities.

15. One of Loops' flagship products is the Loops Flexbrush®, a compact toothbrush with a flexible handle that cannot be fashioned into a weapon, making it ideal for use in these facilities.

16. Loops owns certain related intellectual property including United States Patent No. 8,448,285 (the "'285 Patent") entitled "Toothbrush and Methods of Making and Using Same." A true and correct copy of the '285 Patent is attached hereto as Exhibit 1.

17. Upon information and belief, BBC manufactures, promotes, distributes and/or sells, among other things, personal care products to correctional and mental health facilities.

18. BBC approached Loops in early 2016 to source the Loops Flexbrush® for BBC's product catalog.

19. After Loops provided BBC with confidential pricing information and product samples with packaging that included reference to the '285 Patent, BBC terminated all communications with Loops.

20. In or around 2016 or 2017, BBC began promoting, offering to sell and/or selling a competing flexible toothbrush under the designation, #FXTB (the "#FXTB Toothbrush").

21. Upon information and belief, Maxill manufactures and supplies BBC with the #FXTB Toothbrush.

22. Upon information and belief, Maxil is aware of the '285 Patent.

## FIRST CLAIM FOR RELIEF
### (Infringement of the '285 Patent)

23. Loops hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 16.

24. The '285 Patent was duly and legally issued on May 28, 2013. Loops is the sole owner of the '285 Patent.

25. BBC, Maxill, and Doe Defendants 1-10 are infringing the '285 Patent by making, manufacturing, promoting, marketing, advertising, distributing, importing, offering for sale and/or selling the #FXTB Toothbrush, which infringes on, at least claims 1, 2-3, 6, 9, 11-12, and 15-16 of the '285 Patent literally and/or under the doctrine of equivalents.

26. Loops has been damaged and has suffered irreparable injury due to BBC, Maxill, and Doe Defendants' acts of infringement, and will continue to suffer damages and irreparable injury unless their acts are enjoined.

27. Loops is informed and believes, and on that basis alleges, that BBC, Maxill, and Doe Defendants have willfully infringed at least claims 1, 2-3, 6, 9, 11-12, and 15-16 of the '285 Patent entitling Loops to increased damages under 35 U.S.C. § 284, and that these deliberate acts in full view of at least claims 1, 2-3, 6, 9, 11-12, and 15-16 of the '285 Patent and BBC and Maxill's awareness of the '285 Patent, make this case exceptional entitling Loops to recover its attorneys' fees in prosecuting this action pursuant to 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Loops prays for relief as follows:

A. That BBC, Maxill, and Doe Defendants and each of them be adjudged to have infringed the '285 Patent under 35 U.S.C. §§ 271(a);

B. That BBC, Maxill, and Doe Defendants and each of them, their subsidiaries, divisions, affiliates, officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with either of them be permanently restrained and enjoined under 35 U.S.C. § 283 from directly infringing the '285 Patent;

C. That the Court award Loops recovery of damages to compensate it for BBC, Maxill, and Doe Defendants' infringement of the '285 Patent pursuant to 35 U.S.C. § 284 in an amount to be proven at trial;

D. That BBC, Maxill, and Doe Defendants and each of them be adjudged to have willfully infringed the '285 Patent under 35 U.S.C. § 271 (a), and that the Court treble the amount of actual damages pursuant to 35 U.S.C. § 284;

E. That this action be adjudged an exceptional case, and that the Court award Loops its attorneys' fees incurred in connection with this action, pursuant to 35 U.S.C. § 285;

F. That the Court assess pre-judgment and post-judgment interest and costs of suit against BBC, Maxill, and Doe Defendants and each of them, and award such interest and costs to Loops pursuant to 35 U.S.C. § 284; and

G. That Loops receive such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs Loops, L.L.C. and Loops Flexbrush, L.L.C. hereby demand a trial by jury as to all claims and all issues triable by jury.

DATED this 7th day of September, 2017.

                                                    */s/ Karthik Nadesan*
                                                  Karthik Nadesan
                                                  NADESAN BECK P.C.

                                                  Kent M. Walker
                                                  LEWIS KOHN & WALKER, L.L.P.

                                                  *Attorneys for Plaintiffs, Loops, L.L.C.*
                                                  *and Loops Flexbrush, L.L.C.*