IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LOOPS, L.L.C. and LOOPS FLEXBRUSH, L.L.C.,<br><br>Plaintiffs,<br>v.<br><br>BOB BARKER COMPANY, INC.; MAXILL, INC.; and DOES 1-10, inclusive,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER:**<br>• **GRANTING [42] MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS AND**<br>• **DENYING [50] MOTION TO STRIKE EXHIBIT E TO REPLY MEMORANDUM**<br><br>Case No. 1:17-cv-00123-DN<br><br>District Judge David Nuffer |

Plaintiffs Loops, L.L.C. and Loops Flexbrush, L.L.C. ("Loops") filed a Motion for Extension of Deadline to Respond to Motion to Dismiss (the "Motion for Extension").[1] Loops seeks a 45-day extension to respond to the motion to dismiss for lack of personal jurisdiction (the "Motion to Dismiss")[2] by defendant Maxill, Inc. ("Maxill"). The extension would permit Loops time to complete jurisdictional discovery.[3] Defendant Bob Barker Company ("Barker") does not oppose the Motion to Extend.[4] Maxill opposes the Motion to Extend (the "Opposition").[5] Maxill also filed a motion to strike Exhibit E to Loops' reply in support of the Motion for Extension (the

---

[1] Docket no. 42, filed November 38, 2017.

[2] Motion to Dismiss, docket no. 34, filed November 8, 2017.

[3] Motion for Extension at 2.

[4] Barker Response to Motion for Extension, docket no. 47, filed December 1, 2017.

[5] Maxill Response to Motion for Extension ("Opposition"), docket no. 48, filed December 1, 2017.

"Motion to Strike"), which is a heavily redacted copy of an October 20, 2017 settlement letter from Maxill's counsel to Loops' counsel (the "October 20 Letter").[6]

The Motion for Extension is granted, and the Motion to Strike is denied.

## MOTION FOR EXTENSION

Loops should be afforded time to do jurisdictional discovery to provide all available facts for assessing whether personal jurisdiction over Maxill is proper. According to its Opposition to the Motion for Extension, "Maxill might have predicted that its products will reach the State of Utah."[7] While Maxill is correct that this fact alone is insufficient to establish personal jurisdiction, the concession illustrates the need to unearth the details of Maxill's distribution practices before answering the personal jurisdiction question. The Supreme Court explained with respect to establishing personal jurisdiction through the stream of commerce:

> The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State. But a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.[8]

Applying this test will require a more developed factual record than is currently available. Discovery has not been stayed. And the length of time requested in the Motion for Extension is reasonable. Accordingly, Loops is permitted 45 days' time and leave to conduct jurisdictional discovery.

---

[6] Motion to Strike, docket no. 50, filed December 6, 2017.

[7] Opposition at 11.

[8] *Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cty.*, 480 U.S. 102, 112 (1987).

2

## MOTION TO STRIKE

The unredacted portion of the October 20 Letter can be considered for purposes of the Motion for Extension without offending Rule 408 of the Federal Rules of Evidence. Maxill contends that the October 20 Letter, and the statement revealed in this settlement letter are protected under Federal Rule of Evidence 408.[9] As one district court has explained:

> Although the intent of FRE 408 is to foster settlement negotiations, the sole means used to effectuate that end is a limitation on the admission of evidence produced during settlement negotiations for the purpose of proving liability at trial. It was never intended to be a broad discovery privilege.[10]

In this instance, the statement in the October 20 Letter shows that Maxill's distribution practices and its relationship with Barker bear further inquiry. Rule 408 does not prevent consideration of the October 20 Letter in this context.[11] The October 20 Letter is not being relied upon to prove liability at trial. The Motion to Strike is denied.

---

[9] Motion to Strike at 2.

[10] *NAACP Legal Def. Fund & Educ. Fund, Inc. v. U.S. Dep't of Justice*, 612 F. Supp. 1143, 1146 (D.D.C. 1985).

[11] Fed. R. Evid. 408.

## ORDER

Having reviewed the Motion for Extension and the Motion to Strike, and for good cause appearing,

IT IS HEREBY ORDERED that the Motion for Extension[12] is GRANTED. Loops' deadline to respond to Maxill's Motion to Dismiss will be January 17, 2018.

IT IS FURTHER ORDERED that the Motion to Strike[13] is DENIED.

Dated December 8, 2017.

BY THE COURT:

David Nuffer
United States District Judge

---

[12] Docket no. 42.

[13] Docket no. 50.